

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMOS ALCALA ANGEL,<br><br>                              Petitioner,<br><br>v.<br><br>CHRISTOPHER LaROSE, Warden, Otay Mesa Detention Center,<br><br>                              Respondent. | Case No.:  26-cv-2786-RSH-MSB<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

On May 1, 2026, petitioner Ramos Alcala Angel filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. On May 14, 2026, Respondent filed a return. ECF No. 4.

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

The record reflects that Petitioner, a citizen of Mexico, was arrested on November 20, 2025 by Border Patrol approximately three miles east of the Otay Mesa Port of Entry and 150 yards north of the U.S.-Mexico border. ECF No. 4-1 at 4. Petitioner was thereafter

placed in removal proceedings. *Id.* at 7. These proceedings remaining pending. ECF No. 1 at 6. The Court construes the Petition as contending that Petitioner's detention has become unduly prolonged in violation of due process. *Id.*

In determining whether Petitioner's detention has become prolonged, the Court applies a six-factor balancing test used by some district courts. *See Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 773–74 (S.D. Cal. 2020); *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019). That test considers: (1) the total length of detention to date; (2) the likely duration of future detention; (3) conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal. *See Kydyrali*, 499 F. Supp. 3d at 773–74. Of these, the "most important factor" is the length of detention. *Id.* at 774.

Here, Petitioner was arrested approximately six months ago—less time than in cases in which this Court has typically found unduly prolonged detention. Petitioner is pursuing cancellation of removal, and had his first merits hearing on April 24, 2026. ECF No. 1-2 at 2. His hearing is scheduled to be continued on May 28, 2026. *Id.* Although Respondents note that Petitioner previously requested and obtained a postponement of a master calendar hearing, ECF No. 4 at 2, the Court does not ascribe responsibility for undue delay to either party. Courts in this district have found that conditions at the Otay Mesa Detention Center, where Petitioner is detained, are "indistinguishable from penal confinement," and that this factor weighs in favor a finding of prolonged detention. *Kydyrali*, 499 F. Supp. 3d at 773; *Hoyos Amado v. U.S. Dep't of Justice*, No. 25-cv-2687-LL-DDL, 2025 WL 3079052, at *6 (S.D. Cal. Nov. 4, 2025). Petitioner contends that he is likely to obtain relief in immigration court, ECF No. 1-2 at 2, but the evidence presented does not lead the Court to conclude that this factor favors either party. Considering Petitioner's length of detention to date in connection with the other applicable factors, the Court determines that Petitioner's detention has not yet become unduly prolonged in violation of his due process rights.

///

26-cv-2786-RSH-MSB

Petitioner has not established that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Accordingly, the Petition is **DENIED**. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated: May 26, 2026

_____
Hon. Robert S. Huie
United States District Judge

26-cv-2786-RSH-MSB